IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          Case No. 23-CR-10115-2-JWB

DENISE RENEE SANDMANN,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for leave to file an appeal out of time and the government's motion to construe Defendant's motion as one filed under 28 U.S.C. § 2255. (Docs. 135, 137.) The government's motion (Doc. 137) to construe Defendant's motion as a § 2255 motion is GRANTED. Defendant's motion (Doc. 135) is TAKEN UNDER ADVISEMENT pending Defendant's decision whether to file a supplemental § 2255 brief or withdraw her motion.

Defendant seeks to appeal out of time because she alleges that her counsel failed to file a notice of appeal within the time required by statute. (Doc. 135 at 1-2.) Defendant alleges that she repeatedly tried to contact her counsel but was unable to do so. (*Id.* at 1.) Therefore, she requests this court's permission to file an appeal out of time. (*Id.*) Defendant casts her claim as one of ineffective assistance of counsel. (*Id.*) The government asserts the allegations require the court to recharacterize Defendant's motion as one under § 2255. (Doc. 137 at 2.) The court agrees, as § 2255 is a way to challenge a sentence based on ineffective assistance of counsel. Ineffective assistance of counsel is a federal basis for relief premised on the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, "regardless of how a movant characterizes a

1

post-judgment motion, it must be treated as a § 2255 motion if it 'asserts or reasserts a federal basis for relief' from the movant's conviction or sentence." *United States v. Sears*, 836 F. App'x. 697, 699 (10th Cir. 2020) (quoting *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009)).

Section 2255 of Title 28 of the United States Code allows a prisoner in custody under a federal sentence to file a motion to vacate, set aside, or correct a sentence imposed in violation of the Constitution or laws of the United States. After a defendant's criminal conviction has become final, a defendant's exclusive remedy for challenging his sentence is under § 2255, unless that remedy is shown to be inadequate or ineffective. *See United States v. McIntyre*, 313 F. App'x 160, 162 (10th Cir. 2009). Due to certain limitations on the filing of § 2255 motions, the Supreme Court has held that if a pro se federal prisoner has not previously filed a § 2255 petition – and Defendant has not previously filed one – the court should not recharacterize a filing as a § 2255 petition unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

The court will construe Defendant's motion as one seeking relief under § 2255 and give Defendant 30 days to either file a supplemental brief providing all of her potential grounds for relief or withdraw her motion. If Defendant chooses to file a supplemental brief the government shall be allotted 30 days to respond. As a consequence, the government's existing motion for an extension of time to file a response to Defendant's motion (Doc. 138) is DENIED as moot.

As a result of the foregoing, the government's motion to construe Defendant's motion (Doc. 137) is GRANTED and Defendant's motion for leave to file an appeal out of time is TAKEN

3

UNDER ADVISEMENT while Defendant decides whether to file a supplemental brief or withdraw her motion.

IT IS SO ORDERED. Dated this 14th day of November, 2025.

                                                  s/ John W. Broomes  
                                                  JOHN W. BROOMES  
                                                  UNITED STATES DISTRICT JUDGE