IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 23-10115-02-JWB

DENISE RENEE SANDMANN,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's initial and supplemental motions to vacate sentence under 28 U.S.C. § 2255, (Docs. 135, 144); motion for discovery materials and expansion of record under 18 U.S.C. § 753(f), (Doc. 145); motion for leave to appeal in forma pauperis, (Doc. 146); and motion to appoint counsel, (Doc. 156). The motions have been fully briefed and are ripe for decision. (Doc. 172.)[1] For the reasons stated herein, an evidentiary hearing on the motions to vacate sentence is GRANTED. The motion to appoint counsel is GRANTED. The motion for discovery materials and expansion of record, as well as the motion for leave to appeal in forma pauperis, are DENIED without prejudice to refiling.

## I. Facts and Procedural History

Defendant Denise Renee Sandmann was charged in a November 1, 2023, indictment with one count of conspiracy to commit sexual exploitation of a child—production of child pornography, 18 U.S.C. § 2251(a), (e); and three counts of sexual exploitation of a child—production of child pornography, 18 U.S.C. § 2251(a). (Doc. 12.)

On October 9, 2024, Ms. Sandmann pleaded guilty to conspiracy to commit sexual exploitation of a child—production of child pornography, as well as one count of sexual

[1] Defendant did not file a reply and the time for doing so has lapsed.

exploitation of a child— production of child pornography. (Doc. 91 at 1.) She acknowledged that the sentence for each count to which she pleaded guilty included 15 to 30 years' imprisonment. (*Id.* at 1–2.) And she agreed that the following facts comprised the basis for her plea:

> Defendant Denise Renee Sandmann is also known as Denise Sandmann Yoder (Sandmann). Defendant Sandmann met Joel Womochil online and conspired and agreed together to use a minor, Minor Victim 1 (who was then 3 years old), to create visual depictions of the minor engaged in sexually explicit conduct. Defendant Sandmann, in Indiana, would transmit these depictions to Womochil via the internet, who saved them to his hard drive in Kansas.
>
> As an example, one of the videos was made on or about March 26, 2019. The video shows Sandmann and Minor Victim 1 laying on a bed nude. Minor Victim 1 is forced to hold a vibrator on Sandmann's genitals. Sandmann states that she is going to show where Womochil will be soon and then uses her fingers to spread Minor Victim l's buttocks displaying, and later penetrating, Minor Victim l's anus and vagina. Sandmann refers to Joel Womochil by name during the production of the videos.
>
> The defendant admits she used her Samsung phone to produce the videos involving Minor Victim 1, and that she sent the videos to Womochil via the internet.

(*Id.* at 2, ¶ 2.)

During a plea colloquy that same day, the court thoroughly reviewed the plea agreement and the consequences of Ms. Sandmann's pleading guilty. The court asked Ms. Sandmann if she understood that she "would be facing up to 60 years in prison." (Doc. 167 at 10.) Under oath, she responded, "I do." (*Id.* at 3, 10.) Ms. Sandmann affirmed that she "had an opportunity to talk to [her] lawyer and get all [her] questions answered about all the elements of those offenses that the Government would be required to prove to a jury beyond a reasonable doubt in order to obtain convictions against [her]." (Doc. 167 at 8–9.) The court also outlined those elements. (*Id.* at 7–8.) And it found "that there exists a factual basis for the plea as relates to each essential element of the offenses." (*Id.* at 33.)

On March 31, 2025, the court imposed on Ms. Sandmann, among other things, a sentence of 720 months' imprisonment—30 years for each count, to run consecutively. (Doc. 120.) Ms. Sandmann did not file a notice of appeal within 14 days of the judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining that a defendant must file a notice of appeal within 14 days of entry of judgment or the order being appealed, or the filing of the government's notice of appeal, whichever is latest).

On October 27, 2025, Ms. Sandmann filed a motion to file an appeal out of time. (Doc. 135.) In response, the government asked that the court construe the motion as one filed under § 2255. (Doc. 137.) The court entered an order informing Ms. Sandmann that it would so construe her motion and advised her to file a supplemental brief addressing all claims under § 2255 or notify the court that she would withdraw her motion. (Doc. 139.) On March 23, 2026, she timely[2] amended the motion and moved for discovery materials and expansion of the record, as well as for leave to appeal in forma pauperis. (Docs. 144–46, 154.) Then on April 17, 2026, she moved for the court to appoint counsel for the duration of any § 2255 proceedings. (Doc. 156.) The government responded to these motions on July 31, 2026. (Doc. 172.)

## II. Standard

Section 2255(a) of Title 28 of the United States Code provides, in part, that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show that the prisoner warrants no relief, the court must promptly

---

[2] Although Ms. Sandmann did not file her supplemental brief by the deadline initially imposed by the court, it was filed within one year of judgment. Therefore, it was timely. (Doc. 154.)

grant a hearing. 28 U.S.C. § 2255(b). But, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. *See United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding.'" *Lee v. United States*, 582 U.S. 357, 363 (2017) (citing *Lafler v. Cooper,* 566 U.S. 156, 165 (2012)). This includes a constitutional duty to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). When an attorney has consulted with a defendant about filing an appeal—meaning the attorney has advised the defendant about the advantages and disadvantages of an appeal and made a reasonable effort to discover the defendant's wishes—the attorney performs in a professionally unreasonable manner "only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478.

Generally, "[t]o demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that [the defendant] was prejudiced as a result." *Lee*, 582 U.S. at 363 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). That said, "a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003). This means that the defendant "is entitled to . . . an appeal without showing that his appeal would

likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (discussing *Rodriguez v. United States*, 395 U.S. 327, 329–30 (1969)).

A defendant seeking an evidentiary hearing under § 2255 must allege facts that, if proved, would entitle her to relief; "the allegations must be specific and particularized, not general or conclusory." *Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995).[3] At the same time, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. Analysis

### A. § 2255 Motion

Ms. Sandmann's initial § 2255 motion argued that her counsel was ineffective because he neither filed a notice of appeal nor visited her after her sentence was imposed to discuss a potential appeal. (Doc. 135.) The supplemental § 2255 motion raises ten claims, including the one presented in the initial § 2255 motion. (Docs. 144, 144-1.) The court will address only the failure-to-file-an-appeal claim at this stage of the proceedings.

"A particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief." *United States v. Jasso Chavero*, 630 F. App'x 866, 868–69 (10th Cir. 2015) (holding that the petitioner's affidavit stating that he had asked counsel to file an appeal, considered together with his other allegations, was sufficient to warrant relief if proved true, particularly when liberally construed in light of his pro se status). This means that a defendant need not plead every factual detail necessary to establish her § 2255 claim if the petition, liberally

[3] The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") recently stated that *Hatch* had been overruled. *Dodds v. Bridges*, No. 25-7021, 2026 WL 380194, at *4 (10th Cir. Feb. 11, 2026) (citing *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001)). Not so. Rather, the Tenth Circuit overruled a subsequent case involving the same Mr. Hatch. And it did so on a ground—application of the Ex Post Facto Clause—that is not at issue here. *Daniels*, 254 F.3d at 1188 n.1. Thus, the court presumes that the Tenth Circuit made a typographical error in *Dodds*.

construed, alleges a fact that would entitle her to relief if proved. *See, e.g.*, *United States v. Lee-Speight*, 529 F. App'x 903, 905–06 (10th Cir. 2013) (holding that the petitioner's allegation that counsel "failed to file a notice of appeal . . . as requested by petitioner to do so," although not accompanied by the date of the request, was sufficient when liberally construed).

Ms. Sandmann asserts the following: Before the imposition of her sentence, counsel informed her that she could appeal if she were dissatisfied with the outcome. (Doc. 144 at 4.) Ms. Sandmann's affidavit states that, after her sentence was imposed, she informed counsel that she would like to appeal the court's judgment. (Doc. 135-1 at 1.) Her amended § 2255 motion is more specific; it states that, on the day her sentence was imposed, Ms. Sandmann instructed counsel to file an appeal. (Doc. 144 at 4.) According to Ms. Sandmann, counsel responded that he would pursue an appeal and visit Ms. Sandmann in the detention facility before she was transferred to prison. (Doc. 135-1 at 1.) Ms. Sandman also asserts that counsel spoke with Ms. Sandmann's father after the sentence was imposed, stating that he would visit Ms. Sandmann the following day. (Doc. 144-1 at 3.) She further alleges that her counsel neither met with Ms. Sandmann nor filed an appeal. (Docs. 135-1 at 1, 144 at 4.) Ms. Sandmann further alleges that her family tried to reach counsel about the appeal but were informed that he no longer worked at the last location that the family had as his office address. (Doc. 135-1 at 1.)

The government contests these allegations. (Doc. 172 at 9-11.) It contends that Ms. Sandmann offers no specific details of when, where, or how she conveyed to counsel that she desired to appeal. (Doc. 172 at 10.) It also contends that Ms. Sandmann's attempts to appeal were untimely because counsel left his law firm (and thus Ms. Sandmann's family tried to reach him) well outside the time for filing a notice of appeal. (Doc. 172 at 10.) In support, the government presents an affidavit from Ms. Sandmann's counsel stating (1) that he was continuously employed

at Joseph, Hollander & Craft's Wichita office from April 30, 2018, to August 11, 2025; and (2) that Ms. Sandmann did not request that an appeal be filed. (Doc. 172 at 1.)

The court agrees with the government that some of Ms. Sandmann's allegations are vague. Indeed, she doesn't explain where or how she informed counsel that she sought to appeal. But she does assert that, after sentencing was imposed (perhaps even the day of), she instructed counsel to file a notice of appeal. (Docs. 135-1 at 1, 144 at 4.) What's more, her allegations reflect that, within seven months of judgment, her family tried to reach counsel about the appeal.[4] (Docs. 135-1 at 1) These allegations leave open the possibility of relief under *Flores-Ortega* if Ms. Sandmann were to present evidence showing that her attorney disregarded express, timely instructions from her to file an appeal. *See Jasso Chavero*, 630 F. App'x at 868–69; *Lee-Speight*, 529 F. App'x at 905–06.

Neither the § 2255 motions nor the record conclusively establish that Ms. Sandmann is entitled to no relief. Thus, the court will grant an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

**B. Other Motions**

The court now turns to Ms. Sandmann's motion for discovery materials and expansion of the record under 18 U.S.C. § 753(f), (Doc. 145); motion for leave to appeal in forma pauperis, (Doc. 146); and motion to appoint counsel, (Doc. 156).

First, because an evidentiary hearing is warranted and Ms. Sandmann cannot afford an attorney, the court will grant her motion to appoint counsel. (Doc. 22.) *See* Rule 8(c), Rules Governing Section 2255 Proceedings.

Next, discovery in a § 2255 proceeding is not available as a matter of ordinary course. Rather, a court may, in its discretion, authorize discovery "for good cause." Rule 6(a), Rules

---

[4] This assumes that, if the court entered judgment on March 31, 2025, and Ms. Sandmann submitted her affidavit on October 27, 2025, then her family's attempts to reach counsel occurred between those two dates.

Governing Section 2255 Proceedings. Good cause exists when the defendant "has set forth good reason to believe [s]he may be able to demonstrate [s]he is entitled to relief." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010). To do so, the defendant must "provide specific allegations showing reason to believe that the requested discovery would produce information supporting [the defendant's] claims." *United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011). Here, Ms. Sandmann argues that discovery is necessary to prove other ineffective-assistance claims unrelated to the failure to file an appeal. (*See* Doc. 145 at 2–3.) Because Ms. Sandmann doesn't address the need for discovery on the appeal issue alone, the court will deny her motion for discovery materials. She may refile this motion after conferring with counsel.

Finally, the court denies Ms. Sandmann's motion to appeal in forma pauperis. The court will determine after the evidentiary hearing the appropriate relief, if any, including whether she may proceed on appeal.

**IV. Conclusion**

Based on the foregoing, Ms. Sandmann's motion to appoint counsel (Doc. 156) is GRANTED. Counsel shall have an opportunity to determine how to proceed with Ms. Sandmann's remaining claims. At a later date, the court will schedule a status conference to discuss the scheduling and scope of the evidentiary hearing. Ms. Sandmann's motion for discovery materials and expansion of the record (Doc. 145) and motion for leave to appeal in forma pauperis (Doc. 146) are DENIED without prejudice to refiling. Ms. Sandmann's motions to vacate sentencing (Docs. 135, 144) are TAKEN UNDER ADVISEMENT.

IT IS SO ORDERED. Dated this 24th day of September, 2026.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE